ZHI RONG LIU, Petitioner,

v.

Michael B. MUKASEY,[1] Attorney General, Respondent.

No. 07–3839–ag.

United States Court of Appeals, Second Circuit.

Aug. 12, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Allen W. Hausman, Senior Litigation Counsel; Kevin J. Conway, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhi Rong Liu, a native and citizen of the People's Republic of China, seeks review of an August 20, 2007 order of the BIA affirming the November 4, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying his application for asylum and withholding of removal. *In re Zhi Rong Liu*, No. A 98 349 971 (B.I.A. Aug. 20, 2007), *aff'g* No. A 98 349 971 (Immig. Ct. N.Y. City, Nov. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian-Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We conclude that substantial evidence does not support the agency's adverse credibility determination. First, the record does not support the IJ's finding that Liu's testimony lacked detail with respect to his democratic beliefs. Even if Liu's testimony was spare with regard to what he actually believed, that lack of detail does not support the IJ's adverse credibility finding in the absence of probing by the IJ or Government counsel for additional details which themselves reveal inconsistencies. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005); *see also Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003); *overruled in part on other grounds by Shi Liang Lin,* 494 F.3d at 305.

Further, the IJ unreasonably found to undermine Liu's credibility his lack of involvement in a United States-based organi-

zation promoting democracy in China. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). When asked whether he engaged in activities to promote reform in China, Liu replied that he continued to monitor events in China through several newspapers, but explained that he had not joined any groups in the United States because he was "afraid" due to his lack of status, and that he did not know where any groups were located. The IJ found such testimony "surprising" and observed that it made "no sense" that, if Liu felt "deeply enough" about reform in China, he would not have continued to work towards that goal by joining an organization in the United States. We are unable to agree that Liu's decision not to become involved in the pro-democracy movement in this country necessarily undermines his credibility. Moreover, to the extent the IJ failed to address Liu's explanations for not joining a pro-democracy group, her decision was flawed. *See Cao He Lin,* 428 F.3d at 403 (emphasizing that an IJ is not required to credit an applicant's explanations even if they appear plausible on a cold record, but is required to take the explanations into account).

The IJ's remaining finding likewise does not support her adverse credibility determination. The IJ faulted Liu for having failed to present his father as a witness or to provide an affidavit from him.[2] However, while a failure to corroborate may, on its own, lead to a claim's denial based on insufficiency of the evidence as opposed to credibility, it cannot form the sole basis for an adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000).

---

**2.** It is unclear why Liu's father's testimony would have been relevant as he had been in this country, not China, during the period of time relevant to Liu's claims. In contrast,

Liu provided an affidavit from his mother who was present in China at the time of his arrest and provided her own firsthand account of the events surrounding his detention.

In light of the above, substantial evidence does not support the IJ's denial of asylum and withholding of removal. Remand is required because we cannot confidently predict that the agency would reach the same decision, absent any errors. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).